PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. DENNIS, | ) | |
| | ) | CASE NO. 4:17CV0670 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MARK ZUCKERBERG, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 5, 6, and 7] |

Pending is Defendants Facebook, Inc. and Mark Zuckerberg's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) and (b)(6) (ECF No. 7). The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons set forth below, the motion is granted.

**I. Background**

*Pro Se* Plaintiff Christopher A. Dennis filed a Complaint (ECF No. 1) against Facebook, Inc. and its Chief Executive Officer, Mark Zuckerberg. In his "Statement of Claim," Plaintiff alleges:

> The Defendants misappropriated, without consent, proprietary business information owned by the Plaintiff and protected by the Trade Secrets Acts, the Defend Trade Secrets Act of 2016, the Economic Espionage Act of 1996, and [the] Ohio Uniform Trade Secrets Act. The Defendants used proprietary business [information] and/or processes for their commercial benefit. Reasonable precautions were taken by the Plaintiff to prevent disclosure of its proprietary business information.

(4:17CV0670)

ECF No. 1 at PageID #: 4, § III. Plaintiff seeks $13 billion in damages, asserting that "proprietary information is still being used by Facebook, Inc. and was instrumental in the development of the Defendants' corporation." ECF No. 1 at PageID #: 5, § IV.

Defendants filed the within Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) and (b)(6) (ECF No. 7) in response to the Complaint (ECF No. 1). They argue the Court should dismiss the action for lack of personal jurisdiction under Rule 12(b)(2) because Plaintiff has not adequately alleged personal jurisdiction over either Defendant.[1] In addition, they contend that Plaintiff's allegations – which consist entirely of those set out above – are insufficient to state a claim for relief for any of the causes of action he alleges and require dismissal of the Complaint (ECF No. 1) under Rule 12(b)(6).

## II. Analysis

### A. The Court Lacks Personal Jurisdiction Over Defendants

When "a district court rules on a jurisdictional motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(2) without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). To defeat such a motion, a plaintiff "need only make a prima facie showing of jurisdiction." *Id.*

---

[1] Facebook is a Delaware corporation with its principal place of business in California, and Mr. Zuckerberg is a citizen of California. ECF No. 1 at PageID #: 5, § II(2)(B)(2); ECF No. 7 at PageID #: 46.

Personal jurisdiction can be either general or specific, depending on the nature of the contacts a defendant has with the forum state. *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002). "General jurisdiction is proper only where 'a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Id.* (quoting *Third Natl. Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (internal quotation marks omitted)). Specific jurisdiction occurs where "a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Id.* at 874 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984)). Specific jurisdiction is permissible only if a three-part test is satisfied: the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; the cause of action must arise from the defendant's activities in the forum; and, acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable. *Id.* (citing *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

Plaintiff argues there is both specific and general jurisdiction over Defendants. He contends specific jurisdiction exists because he alleges "that Defendants while conducting business in Ohio violated Section 18 of the Trade Secrets Act and that this violation occurred in the state of Ohio to an Ohio resident." ECF No. 9 at PageID #: 56. He contends there is general jurisdiction because Facebook "is a publicly traded corporation that purposely transacts business

(4:17CV0670)

throughout the United States, including the State of Ohio" and has a "continuous and systematic presence in Ohio, 'based on [the] number of Facebook users: 5,702,760 in Ohio.'" ECF No. 9 at PageID #: 57.

The Court finds Plaintiff's assertions are not sufficient to demonstrate either general or specific jurisdiction over Defendants. General jurisdiction does not exist because the Sixth Circuit has made clear that "maintain[ing] a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction." Bird, 289 F.3d at 874. Furthermore, although a court "need only find that the plaintiff has set forth specific facts that support a finding of jurisdiction in order to deny the motion to dismiss," this still requires a plaintiff's complaint to establish "with reasonable particularity" those specific facts that support an exercise of specific jurisdiction. Palnik v. Westlake Entm't, Inc., 344 Fed.Appx. 249, 251 (6th Cir. 2009) (internal quotation marks and citations omitted). Plaintiff's asserted basis for specific jurisdiction – "that Defendants while conducting business in Ohio violated Section 18 of the Trade Secrets Act" in Ohio and caused injury to Plaintiff here – is purely conclusory, and the Complaint (ECF No. 1) does not establish "with reasonably particularity" any specific facts (such as specific conduct on the part of Defendants, or any specific trade secret or other proprietary information Plaintiff allegedly had) that would support an exercise of specific jurisdiction over Defendants in this trade secret case.

Accordingly, the Court agrees with Defendants that the Complaint (ECF No. 1) is properly dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

4

### B. The Complaint (ECF No. 1) Fails to State a Claim Upon Which Relief Can be Granted

The Court also agrees that the Complaint (ECF No. 1) is subject to dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), the court presumes the complaint's factual allegations are true and draws all reasonable inferences in the plaintiff's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). To survive a dismissal, a complaint "must present 'enough facts to state claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, in order to allege a claim under the Federal Rules of Civil Procedure, a complaint must contain allegations sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Complaint (ECF No. 1), even liberally construed, fails to meet these standards. Plaintiff's conclusory allegations that Defendants violated multiple trade secret laws by using "proprietary business information owned by the Plaintiff" without the Plaintiff's consent for their commercial benefit are insufficient to afford Defendants fair notice of the grounds on which Plaintiff's claims rest; and they are insufficient to raise a plausible right to relief against Defendants under any of the causes of action Plaintiff alleges. Simply, Plaintiff has not pleaded

(4:17CV0670)

"enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." Twombly, 550 U.S. at 556.

Accordingly, the Complaint (ECF No. 1) is appropriately dismissed under Fed. R. Civ. P. 12(b)(6).

### III. Conclusion

For the reasons set forth above and those that have been articulated in the memoranda of points and authorities on which Defendants rely in support of the motion, Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) and (b)(6) (ECF No. 7) is granted. Defendants' Motions to Admit Paven Malhotra (ECF No. 5) and Jay Rapaport (ECF No. 6) *Pro Hac Vice* are denied as moot. This action is dismissed.

IT IS SO ORDERED.

| | |
|---|---|
| September 5, 2017 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |